IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAKER HUGHES INCORPORATED, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 11-3757 |
| DANIEL S. HOMA, *et al.*, | § § § | |
| Defendants. | § | |

**ORDER GRANTING PRELIMINARY INJUNCTION**

Baker Hughes Incorporated and Baker Hughes Oilfield Operations, Inc. (together, "Baker Hughes") sued two former employees, Daniel S. Homa and Robert W. Harman; their new employer FCTech, Inc.; and FCTech's affiliated companies, FCT Fiber Cable Technology GmbH ("FCT") and NBG Systems GmbH. (Docket Entry No. 1). This court previously entered a temporary restraining order. (Docket Entry No. 25). Baker Hughes applied for a preliminary injunction pending trial. (Docket Entry No. 27). An evidentiary hearing was held the week of December 12, 2011. (Docket Entry Nos. 43–44, 47). Based on the pleadings, Baker Hughes's application for a preliminary injunction, the evidence, the arguments of counsel, and the applicable law, this court issued preliminary findings of fact and conclusions of law from the bench. The following order granting a preliminary injunction is now entered.

This court finds that the four conditions necessary for injunctive relief are present:

> (1) a substantial likelihood that the plaintiff will prevail on the merits;
> (2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted; (3) a showing that the threatened injury to the plaintiff outweighs the potential harm to defendants if

>     the injunction issues; and (4) a showing that issuance of the injunction will not disserve the public interest.

*Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009).

Based on the current record, Baker Hughes has demonstrated a substantial likelihood of success on the merits of its claims for misappropriation of trade secrets and breach of contract. Baker Hughes also has demonstrated a substantial likelihood of irreparable injury as a result of the defendants' wrongful taking of Baker Hughes's trade secrets, confidential information, and proprietary information. Any harm to the defendants resulting from this injunction's issuance is outweighed by the harm faced by Baker Hughes if the injunction does not issue. The public interest, which favors protection of trade secrets, weighs in favor of issuing this injunction.

The temporary restraining order is dissolved and replaced with the following order. The defendants—Homa, Harman, FCTech, FCT, and NBG Systems (including their respective officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them with notice of this injunction)—are restrained and enjoined from the following:

<u>As to Homa, Harman, and FCTech:</u>

(1) Except as set out in Paragraph Two below, researching, designing, manufacturing, marketing, or selling of products (whether directly themselves or in association with any third parties or affiliates) related to or comprising:

>     (a) optical fiber (including Pure Core Silica Fiber, High NA Fiber, Multi-Core Fiber, PEEK-Coated Fiber, and Carbon-Coated Fiber) for use in downhole applications[1];

---

[1] "Downhole application" is defined as any application that is subterranean and greater than 100 feet below ground, whether it be oil and gas, geothermal, or other applications below the ground, including the seabed. Mining applications are excluded from this definition.

(b) fiber-optic sensors (including real-time compaction monitoring sensors, pressure or temperature point gauges, distributive temperature sensing, acoustic sensing, or strain sensing) and associated fiber and sensor interrogation technologies for use in downhole applications; and

(c) fiber-optic cable designed for use in downhole applications.

(2) Paragraph One notwithstanding, Homa, Harman, and FCTech may provide Fiber in Metal Tubing ("FIMT"), including for downhole applications, that is not designed or manufactured using Baker Hughes's trade secrets, confidential information, or proprietary information. In doing so, Homa, Harman, and FCTech must use optical fiber designed and manufactured by others.

<u>As to FCT and NBG Systems:</u>

(3) Except as set out in Paragraph Four below, researching, designing, manufacturing, marketing, or selling of products (whether directly themselves or in association with any third parties or affiliates) related to or comprising:

(a) optical fiber (including Pure Core Silica Fiber, High NA Fiber, Multi-Core Fiber, PEEK-Coated Fiber, and Carbon-Coated Fiber) for use in downhole applications; and

(b) fiber-optic cable designed for use in downhole applications.

(4) Paragraph Three notwithstanding, FCT and NBG Systems may provide FIMT, including for downhole applications, that is not designed or manufactured using Baker Hughes's trade secrets, confidential information, or proprietary information.

In doing so, FCT and NBG Systems must use optical fiber designed and manufactured by others.

As to all defendants:

(5) Using or disclosing Baker Hughes's trade secrets, confidential information, or proprietary information obtained by Homa or Harman from Baker Hughes during their employment with Baker Hughes, to any defendant or third parties;

(6) using or disclosing any third-party trade secrets, confidential information, or proprietary information obtained by Homa or Harman from Baker Hughes during their employment with Baker Hughes, including third-party design information and pricing, delivery, or market data; and

(7) obtaining Baker Hughes's trade secrets, confidential information, or proprietary information from current Baker Hughes employees.

This injunction is conditioned on Baker Hughes's submission of a bond in the amount of $750,000.00.

This order remains in effect until the court orders otherwise.

    SIGNED on December 23, 2011, at Houston, Texas.

                                                                              Lee H. Rosenthal
                                                     United States District Judge