IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAKER HUGHES INCORPORATE AND BAKER HUGHES OILFIELD OPERATIONS, INC., | § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | CIVIL ACTION NO. H-11-3757 |
| DANIEL S. HOMA, ROBERT M. HARMAN, FCTECH, INC., FCT FIBER CABLE TECHNOLOGY GMBH, NBG SYSTEMS GMBH, AND NBG HOLDING GMBH, | | |
| Defendants. | | |

**ORDER**

For the reasons stated on the record during the discovery hearing held on February 13, 2013, and after reviewing the competing proposed orders submitted by the parties, this court orders as follows:

1. Defendants FCT Fiber Cable Technology GmbH, NBG Systems GmbH, and NBG Holding GmbH (collectively, the "Austrian Defendants"), must electronically search all e-mail accounts of Karl Bauer, Rudolf Halmetschlager, and Andreas Giannis, to which the Austrian Defendants have custody, control, or access, using the search terms and instructions filed by the plaintiffs on August 8, 2012, (Docket Entry No. 145).

2. The Austrian Defendants must electronically produce the e-mails, including attachments and metadata, as .pst file(s), by February 28, 2013. Where only a

portion of an e-mail contains a search term indicated, the Austrian Defendants must produce the entire e-mail thread, along with all attachments.

3.  By March 1, 2013, the Austrian Defendants must file a status report, signed by defense counsel, providing a detailed description of their search. The description must include:

   a) the specific computers or servers searched, the e-mail accounts searched, and, if applicable, a statement explaining why an e-mail account covered by this order was not or could not be searched according to the order;

   b) the names of the custodians whose e-mail accounts were searched, the name(s) of the e-mail accounts for each custodian, and the number of e-mail accounts for each custodian;

   c) a description of the system from which the e-mails produced are derived;

   d) the specific criteria used to search the e-mail accounts;

   e) the time period of the e-mails searched;

   f) the dates and categories of e-mails that could not be produced, if any;

   g) if applicable, a statement explaining why e-mails "to or from Karl Bauer or Andreas Giannis (regardless of e-mail account) regarding FCTech," (Docket Entry No. 121, ¶ 2), cannot be produced from Karl Bauer's or Rudolf Halmetschlager's e-mail accounts even if Andreas Giannis's otenet.gr e-mail account is unavailable for the Austrian Defendants to search;

h) for any e-mails, including attachments, that have been lost, discarded, destroyed, deleted, or are for any other reason not available for production, the Austrian Defendants must provide a description of:

   i. the author or sender, and the addressees, the date, and a summary of the subject matter;

   ii. the reason, date, and manner of disposal;

   iii. the reason it is not feasible to retrieve the e-mail;

   iv. persons who have possession, custody, or control of, or access to, a partial or complete copy of such e-mail or attachment; and

   v. the identity of all persons who participated in or authorized the disposal, destruction, or deletion or who have knowledge of it.

4. If any e-mail or attachment responsive to any of the production is claimed to be privileged or protected from discovery as work product, the Austrian Defendants must provide, within ten days after serving the production, a list identifying the particular e-mails or attachments withheld or parts thereof, including:

a) the date;

b) the identity(ies) of each e-mail or attachment's author(s), writer(s), sender(s), or initiator(s);

c) the identity(ies) of each e-mail or attachment's recipient(s), addressee(s), or party(ies) for whom it was intended, including copy recipients;

    d)    the general subject matter described on each e-mail or attachment, or, if no such description appears, then some other description sufficient to identify the e-mail or attachment;

    e)    the specific grounds for not answering in full, including the nature of the privilege or protection relied on to withhold the e-mail or attachment, and the facts supporting those grounds; and

    f)    a certification that all elements of the claimed privilege have been met and not waived with respect to each e-mail or attachment.

5.    If any e-mail or attachment is considered "Confidential Information" or "Highly Confidential Information" as those terms are defined in the February 13, 2012 protective order, (Docket Entry No. 82), such e-mail or attachment must be produced subject to the terms and provisions of the protective order.

6.    After completion of the e-mail production, Baker Hughes must submit new deposition notices with dates, times, and locations coordinated with the Austrian Defendants and the Austrian Court.

7.    The Austrian Defendants must present Karl Bauer and Rudolf Halmetschlager for deposition in Vienna, Austria on discovery relevant to the jurisdictional issues as outlined by this court in the April 30, 2012 Order denying without prejudice the Defendants' Motion to Dismiss, (Docket Entry No. 104).

8.    The Austrian Defendants must present witnesses for the Rule 30(b)(6) depositions of FCT Fiber Cable Technology GmbH, NBG Systems GmbH, and NBG Holding GmbH in Vienna, Austria. The scope of the Rule 30(b)(6) depositions will include

      questions relevant to deposition topics agreed to by the parties at the May 21, 2012 hearing.

9. The depositions in Vienna, Austria must be taken in person or by videoconference in the presence of a certified Austrian interpreter by U.S. legal counsel for the plaintiffs.

10. The depositions of the Austrian Defendants must be conducted pursuant to the Federal Rules of Civil Procedure. By presenting the witnesses for deposition in Austria, there is no waiver of personal jurisdiction by the Austrian Defendants or of any other rights or objections under the laws of the United States or Austria.

11. The Austrian Defendants must pay Baker Hughes's reasonable attorneys' fees associated with preparing for and attending the February 13, 2013 hearing. This court has not yet determined the full amount of fees to be awarded. The Austrian Defendants must pay Baker Hughes $5,000.00 toward this amount by March 5, 2013. This court will decide whether additional fees are appropriate at a later time.

SIGNED on February 25, 2013, at Houston, Texas.

                                                      Lee H. Rosenthal
                                             United States District Judge