### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| BAKER HUGHES INCORPORATE AND BAKER HUGHES OILFIELD OPERATIONS, INC., § § § § Plaintiffs, § § v. § DANIEL S. HOMA, ROBERT M. § HARMAN, FCTECH, INC., FCT FIBER § CABLE TECHNOLOGY GMBH, NBG § SYSTEMS GMBH, AND NBG HOLDING § GMBH, § § Defendants. § | CIVIL ACTION NO. H-11-3757 |

### ORDER

On February 25, 2013, this court entered an order directing defendants FCT Fiber Cable Technology GmbH, NBG Systems GmbH, and NBG Holding GmbH (collectively, the "Austrian Defendants"), to search and produce e-mails according to that order and this court's previous orders. (Docket Entry No. 153). On February 28, 2013, counsel for the Austrian Defendants contacted the court by e-mail for guidance on how to comply with the February 25 order. Counsel represented to the court that European Union ("EU") privacy laws on transnational e-discovery disclosures might prevent the timely production of at least several e-mails responsive to this court's orders.

Counsel for the Austrian Defendants must ensure that he and his clients comply with the February 25 order. That order stated, among other things, that the Austrian Defendants would produce e-mails as ordered, and that defense counsel would submit a status report explaining the search efforts taken and why any e-mail ordered to be produced was not or could not be produced.

The Austrian Defendants must still produce as ordered any e-mails whose disclosure is not prohibited by Austrian or EU privacy law. Based on counsel's own representation that certain e-mails uncovered during the ordered searches may raise privacy-law concerns, there appear to be at least some e-mails that do not meet the criteria for withholding under Austrian or EU privacy law. At a minimum, the Austrian Defendants must produce this latter category of e-mails, and must identify and explain why any other e-mails are being withheld on the basis of privacy.

If defense counsel believes that there are e-mails that should be produced under this court's orders, but that cannot be produced due to Austrian or EU privacy law, he must explain so in the status report. The explanation, signed by counsel for the Austrian Defendants, must include, at a minimum:

(1) Identification and description of the e-mail(s);

(2) A description of the legal basis for why the e-mail(s) cannot be produced in their original form without violating Austrian or EU privacy law;

(3) A description of the steps the Austrian Defendants have taken, if any, to comply with privacy laws so that the e-mails may be produced in their original form;

(4) A statement of whether there is an alternative form of production that would not offend Austrian or EU privacy law;

(5) If compliance has not been achieved, but is reasonably possible, an estimate of the time needed to secure compliance, the means of compliance that will be sought, and the form that production is expected to take.

(6) If the Austrian Defendants raise foreign or international privacy laws as a reason for nonproduction, a discussion of the following issues:

(a) The importance of the e-mails to resolving the pending motion to dismiss for lack of personal jurisdiction;

(b) Whether the production described in the February 25 order is directly and specifically tailored to the legal issues that are disputed in the pending motion to dismiss;

(c) Whether the e-mails originated in the U.S.;

(d) The availability of alternative means of securing the information in the e-mails;

(e) The extent to which noncompliance with the production this court ordered would undermine the interests of the United States;

(f) The extent to which compliance with the production this court ordered would undermine the interests of Austria and the EU;

(g) The measures taken in a good-faith effort to comply with both this court's orders and Austrian and/or EU privacy laws;

(h) The hardship on the Austrian Defendants if they comply fully with the production ordered, notwithstanding any contrary requirement of Austrian or EU privacy law.

The deadline to file the status report is extended to **March 4, 2013**.

SIGNED on February 28, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge